UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY MICHAEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FORENSICS MEDICAL GROUP, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00800-LJO-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIM BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ECF No. 1 |

Plaintiff Jeremy Michael Gardner is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated cognizable deliberate indifference claims against defendants Chua and Holly. The court will recommend that plaintiff's remaining claim against California Forensics Medical Group be dismissed without prejudice and that he be granted leave to amend the complaint.

**I.  SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. COMPLAINT[1]

Plaintiff is currently incarcerated at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California, and claims constitutional violations arising out of his incarceration at Stanislaus County Public Safety Center ("PSC"). ECF No. 1 at 1. Plaintiff names three defendants: (1) California Forensics Medical Group, a medical organization contracted by the sheriff's department; (2) Family Nurse Practitioner ("FNP") Holly, a registered medical nurse at PSC; and (3) Dr. Chua, a registered doctor in psychology at PSC. *Id.* at 2.

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for screening purposes.

2

Plaintiff has been diagnosed with Post Traumatic Concussion Syndrome. *Id.* at 3, 5. He suffers a variety of severe symptoms: migraines, sensitivity to light, sleep deprivation, difficulty concentrating, and inability to exercise. *Id.* at 3, 11. While plaintiff was incarcerated at PSC, Dr. Sidhu prescribed plaintiff a medication called "Amitriptyline Hydrochloride" or "Elavil." *Id.* at 5. This replaced an ineffective pain medication that he had been taking. *Id.* at 6. Plaintiff started receiving Elavil each evening, and he found it to be effective in treating his symptoms. *Id.* at 7. At plaintiff's next appointment with Dr. Sidhu, plaintiff stated that the Elavil was effective and requested that he be allowed to take it in the mornings rather than the evenings. *Id.* at 7. Dr. Sidhu agreed with this change. *Id.* at 8.

One week later, FNP Holly came to plaintiff's cell and informed him that she disagreed with recent decisions of Dr. Sidhu and one of plaintiff's other doctors. *Id.* at 8. She stated that "she was going [to] discontinue the prescribed adjustments made by Dr. Sidhu immediately." *Id.* Plaintiff tried to convince her that Elavil was an effective treatment for him, but he was unsuccessful. *Id.* Plaintiff "could not understand her actions as being justifiable." *Id.* at 8-9. Accordingly, plaintiff contends, "Because [Holly's actions] weren't justified, they were committed with malice and conducted out of spite." *Id.* at 9. FNP Holly indicated that Elavil posed some danger to the client, but plaintiff informed her that "nowhere within the clinical studies have they found [Elavil] to have an adverse, or negative effect." *Id.* Plaintiff avers that "[h]er suggestions were foolish." *Id.*

FNP Holly returned to plaintiff's cell on June 2, 2017 and informed him that she had shared her opinion with Dr. Chua. *Id.* Dr. Chua, under the influence of FNP Holly and without concern for plaintiff's symptoms, concluded that plaintiff must choose to take one of two drugs: Elavil or "Remeron (Mirtazapine)." *Id.* Plaintiff observes that both of these medications were "crucially needed" for him and that they were initially prescribed by three doctors. *Id.* at 9-10. Plaintiff again attempted to reason with FNP Holly, but she refused to consider plaintiff's health and well-being. *Id.* at 10.

At a later date, plaintiff "was met by Dr. Chua and made to abandon one of the two medications (Amitriptyline [and] Mirtazapine) or else lose them both as he suggested would

happen." *Id.* As a result of Dr. Chua and FNP Holly's actions, plaintiff suffered "severe pain, emotional distress, and absolute discomfort." *Id.* at 11. Plaintiff contends that both Dr. Chua and FNP Holly were deliberately indifferent to his medical needs. *Id.* at 10.

### III. DISCUSSION

#### A. Requirements Under 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.*

Defendants are state-prison employees and an organization contracted by the state that, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff sufficiently alleged facts to satisfy the causation requirement.

Plaintiff has plausibly alleged that defendants Holly and Chua personally participated in or caused the alleged deprivations. Plaintiff alleges that both Holly and Chua personally withheld medications from him that he required.

Plaintiff does not plausibly allege that defendant California Forensics Medical Group personally participated in or caused the alleged deprivations; instead, plaintiff relies on an

4

insufficient theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to *Bivens* and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, defendant California Forensics Medical Group must be dismissed.

The remaining question is whether defendants Holly and Chua's alleged actions violated federal law.

**B. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotation marks omitted)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but

5

that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Here, accepting plaintiff's allegations as true, the court finds that he has stated deliberate indifference claims against defendants Holly and Chua. Plaintiff's allegations satisfy the first prong because his Post Traumatic Concussion Syndrome constitutes a serious medical need. Plaintiff's allegations satisfy the second prong because defendants were aware of plaintiff's need, but nonetheless decided to withhold effective medical treatment. Defendants' actions caused plaintiff harm.

**IV.    CONCLUSION**

The court has screened plaintiff's complaint and finds that plaintiff has stated deliberate indifference claims against defendants Chua and Holly. The court will recommend that plaintiff's remaining claim against California Forensics Medical Group be dismissed without prejudice and that he be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated

in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## V. RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states deliberate indifference claims against defendants Chua and Holly.
2. Plaintiff's remaining claim against California Forensics Medical Group should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.

3. If plaintiff files an amended complaint, defendants Chua and Holly should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 12, 2019

UNITED STATES MAGISTRATE JUDGE